Mr. Justice Clayton
delivered the opinion of the court.
This was an action commenced before a justice of the peace. On the trial the plaintiff was himself examined by the justice, and judgment given in his favor. The cause was thence taken to the circuit court. The plaintiff afterwards died, and the cause was revived in the name of his administrator.
On the trial, evidence was offered to prove what the plaintiff had sworn before the justice, which was rejected by the court.
There can be no doubt, that if the statements offered to be proved, had been deposed to on a former trial, not by the plaintiff, but by some third person, competent as a witness by the rules of the common law, the evidence offered would have been admissible. 1 Phil. Ev. 230; 2 lb. 571, notes.
Our statute provides, that “if on a trial before a justice of the peace, other satisfactory evidence cannot be had, touching the *702 matter in controversy, such justice may proceed to examine on oath, both plaintiff and defendant, or either of them.” How. & Hutch. 427, sec. 13. A just and liberal construction of this law, would lead us to the conclusion, that it makes the parties witnesses in a given state of case; and if an appeal be taken, the same rule must prevail in the circuit court, and the same species of evidence be admissible. Otherwise, a case decided rightly, and according to law, before the justice, must be reversed in the circuit court, because evidence admissible before the justice, cannot’ be used upon appeal. This would make, the whole provision nugatory. "We think, therefore, the evidence rejected should have been received.
Judgment reversed, and new trial awarded.